WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Morgan Gallagher,<br><br>         Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>         Defendant. | No. CV-19-05766-PHX-MTL<br><br>**ORDER** |

At issue is the denial of Plaintiff Ashley Morgan Gallagher's Application for Disability Insurance benefits by the Social Security Administration ("SSA"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, "Pl. Br."), Defendant's Motion for Remand and Response (Doc. 18, "Def. Br."), Plaintiff's Reply (Doc. 19, "Reply"), and Defendant's Reply in support of its Motion (Doc. 20, "Def. Reply"). For the following reasons, the Court reverses the Administrative Law Judge's ("ALJ") decision and remands for a new disability determination.

**I.     BACKGROUND**

Plaintiff filed an Application for Supplemental Security Income benefits on November 24, 2017 for a period of disability beginning on January 1, 2014. (R. at 17.) Her claim was denied initially on March 1, 2018, and upon reconsideration on July 24, 2018. (*Id*.) On February 1, 2019, Plaintiff appeared at a hearing before the ALJ. (R. at 17, 37–87.) On May 6, 2019, the ALJ denied Plaintiff's Application, and on October 11, 2019, the

Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (R. at 1–3, 17–30.)

Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: seizure disorder; lumbosacral/cervical strain with mild scoliosis; post-traumatic stress disorder; bilateral carpal tunnel syndrome; major depressive order; attention-deficit hyperactive disorder; and anxiety disorder. (R. at 20.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 20.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a). She could never have climbed ladders, ropes, or scaffolds, and had to avoid occupational driving and hazards, including moving machinery, unprotected heights, sharp objects, bodies of water and other liquids, and hot surfaces, like grills or cooktops. She was able to perform simple, routine tasks in an environment free from fast-paced production rates, like those found in assembly line work, and could have performed tasks where changes were infrequent and introduced gradually.

(R. at 22.) The ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy. (R. at 28.) Ultimately, the ALJ concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (R. at 17.)

## II.    LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a

"specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id*. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id*. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id*. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ incorrectly discounted Plaintiff's symptom testimony. (Pl. Br. at 1, 11–20.) Second, Plaintiff argues that the ALJ erred when calculating Plaintiff's RFC because the ALJ did not correctly consider relevant medical opinions. (*Id.* at 1, 21–22.) Plaintiff contends that in light of these errors, the Court should apply the "credit-as-true" rule and remand for an award of benefits. (*Id*. at 22–23.) Defendant concedes that remand is appropriate, but requests the Court remand so that the ALJ can make a new disability

determination. (Def. Br. at 1.) For the following reasons, the Court reverses and remands for a new disability determination.

### A. Plaintiff's Symptom Testimony

Plaintiff first contends that the ALJ erred in rejecting her symptom testimony. (Pl. Br. at 11–20.) An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). This is the most demanding standard in Social Security cases. *Garrison*, 759 F.3d at 1014–15.

The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment," *id.* at 1113, or where they suggest that "later claims about the severity of [the] limitations were exaggerated," *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009). Additionally, the ALJ may consider "whether the claimant takes medication or undergoes other treatment for the symptoms." *Lingenfelter*, 504 F.3d at 1040; *see also* 20 C.F.R. § 404.1529(c)(3). The ALJ may properly

consider that the medical record lacks evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. at 23.) Plaintiff contends that the ALJ simply summarized portions of her medical record in rejecting Plaintiff's symptom testimony without tying in any particular symptom testimony. (Pl. Br. at 14–15.) The Court agrees. The ALJ simply stated that the medical evidence is not consistent with Plaintiff's symptom testimony because Plaintiff's treatments primarily consisted of outpatient visits and medications. (R. at 23.) The ALJ also noted that the medical evidence does not reveal an increase in Plaintiff's symptoms, but the analysis did not extend beyond these statements. (*Id*.) Defendant argues that Plaintiff's claims of a seizure disorder are not supported by medical evidence because Plaintiff had no positive electroencephalogram ("EEG") tests and Plaintiff had a normal MRI. (R. at 906, 1459, 1733, 1743, 1759, 1777; Def. Br. at 10.) The ALJ never made such an assertion, however, and Defendant uses this argument to further reinforce its argument for remand, which the Court will discuss in more detail below.

The ALJ's discussion of Plaintiff's activities of daily living is also insufficient. The ALJ specifically noted that Plaintiff was able to work part-time while attending school part-time, which was asserted as evidence of her ability to take part in various physical activities. (R. at 23, 49, 51, 69–70.) Plaintiff points out that the ALJ did not note that she only completed one semester of school because of her seizures and memory issues. (R. at 49; Pl. Br. at 17.) At the hearing, Plaintiff described that in addition to the seizures and memory issues, she had to stop attending classes and to quit her job because the seizures made her very tired, she could not concentrate, had no energy, would easily get confused, had headaches, and her body was sore. (R. at 52, 58.) The other two activities of daily

living on which the ALJ relied are that Plaintiff still drives and that she lived alone at various times during the relevant period. (R. at 23.) That said, Plaintiff testified that she can tell when she is about to have a seizure, in which case she can pull over her car. (R. at 47–48, 55, 60.) Plaintiff also explained, and the ALJ noted, that she frequently talks with her mother and brother. (R. at 23, 790.) The Court agrees with Plaintiff that the ALJ did not sufficiently explain how living on her own invalidates her symptom testimony. (Pl. Br. at 18.) The Court finds the ALJ did not provide "specific, clear and convincing" reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony. *Molina*, 674 F.3d at 1112.

### B.     Plaintiff's RFC

Plaintiff's opening brief also argues that the ALJ erred in calculating the RFC. She states that the ALJ did not rely on any of the medical opinions in the record to determine Plaintiff's RFC (R. at 22.) Defendant responded this argument in one footnote stating that it was "fundamentally flawed" because an RFC is not a medical finding, but rather an "administrative finding assessed solely by the ALJ." (Def. Br. at 2–3.) The Court does not find Defendant's footnote to be an adequate response to Plaintiff's arguments, especially given Plaintiff's references to various medical opinions. (*See* LRCiv 16.1(b) ("Defendant's brief must . . . respond specifically to *each* issue raised by Plaintiff . . . .") (emphasis added)). Therefore, the Court need not address this issue. Because Defendant did not adequately address whether the ALJ erred in calculating Plaintiff's RFC, Defendant indicates its concession to Plaintiff's arguments. *See Trejo v. Mukasey*, 2009 WL 10707323, *5 (D. Ariz. 2009) ("Plaintiff's failure to address the argument indicates her acquiescence to the claims' dismissal.") (citing LRCiv 7.2(i)).

### C.     Scope of Remand

The remaining issue is the scope of the remand. Plaintiff seeks a remand for an award of benefits. Defendant argues that remand for a new disability determination is appropriate both because the issue of whether Plaintiff has a seizure disorder is unresolved and there is doubt as to whether Plaintiff is disabled. (Def. Br. at 2.) The Court finds that

although there are no unresolved issues, there is doubt as to whether Plaintiff is disabled.

The Court does not agree with Defendant that there is an unresolved issue as to whether Plaintiff has a seizure disorder. Defendant argues that although Plaintiff claims that her most severe impairment is her alleged seizures, her doctors "are not in agreement with what type of seizure Plaintiff is in fact experiencing, if any, and Plaintiff has refused needed treatment that might shed light on her condition." (Def. Br. at 13.) As Defendant notes, doctors repeatedly recommended that Plaintiff take part in a prolonged EEG test to properly assess her seizures. (R. 921–24, 1733, 1763, 1897, 2005, 2546.) Plaintiff never completed the prolonged EEG test. (R. at 63, 1921.) Defendant also points out that noncompliance with recommended treatment is frequent in Plaintiff's medical records. (R. at 1810, 1841, 1850, 1891, 1896, 1901, 1908, 1972, 1979, 1981, 2322.) Plaintiff also does not take medication for her seizures, as she states because the medication made her angry, tired, or depressed. Plaintiff currently uses CBD oil to treat the side effects of her seizures. (R. at 56–57.)

Nonetheless, the ALJ determined that Plaintiff has a seizure disorder. (R. at 20.) During the hearing, the ALJ asked Plaintiff where evidence of seizures came from, and Plaintiff's attorney responded that the evidence was based on Plaintiff's testimony. (R. at 42.) The ALJ responded "Okay, so not supported in the record?" and Plaintiff's attorney responded, "Yeah." (*Id.*) At the hearing, the ALJ asked Plaintiff how many partial seizures she had. Plaintiff did not know and said she was still "learning exactly what those are." (R. at 72–73.) The ALJ asked Plaintiff if she knew when she was having a partial seizure or simple seizure, and the Plaintiff said she did not and she "still need[s] to get more information and training." (R. at 74.) The ALJ concluded that this was sufficient information to determine that Plaintiff has a seizure disorder. There are accordingly no "unresolved" issues, notwithstanding Defendant's disagreement with the conclusion.

Defendant also argues that remand for further proceedings is appropriate because there is uncertainty as to whether Plaintiff is disabled. When a claimant moves to remand for an award of benefits, as Plaintiff has done, the claimant must meet the "credit-as-true"

rule. The credit-as-true rule applies "only in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). (internal citations omitted). It applies when three elements are present. *Id.* at 1099–1102. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted). Even if the credit-as-true elements are met, remand for further proceedings—as opposed to for an award of benefits—is appropriate if the record reflects "serious doubt" that the claimant is disabled. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 ("[W]e need not determine whether the three preliminary requirements are met because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled.").

Here, the first step of the credit-as-true test is met. As described above, the ALJ erred by rejecting Plaintiff's symptom testimony (as well as in calculating her RFC). Nonetheless, the second and third steps of the credit-as-true test are not met. Additional proceedings would be useful to determine whether Plaintiff is disabled, and, even taking the relevant testimony as credible, more than the "slightest uncertainty" exists as to the outcome of this proceeding. Relatedly, the Court finds that there is "serious doubt" as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1021. Plaintiff does not manage her pain with seizure medication. (R. at 1652.) She has also refused to complete a prolonged EEG test, as recommended by her physicians. (R. at 1921.) Plaintiff also continues to drive, despite being counseled not to. (R. at 47, 1733, 1980.) The issue of whether she is truly unable to work is also unresolved. *See Warre*, 439 F.3d at 1006 (When a condition can be controlled with medication it is not disabling for the purpose of determining eligibility for

Social Security Insurance benefits.); *Lewis*, 236 F.3d at 513 ("A claimant's impairment does not meet the epilepsy listing unless it 'persists despite the fact that the individual is following prescribed anticonvulsive treatment.'") (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00A); s*ee also Garrison*, 759 F.3d at 1021 ("[C]ourts [must] remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."). Considering these circumstances, the Court applies the ordinary remand rule and will remand this matter to the ALJ for a new disability determination.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Remand (Doc. 18).

**IT IS FURTHER ORDERED** that the final decision of the Social Security Commissioner is vacated and this matter is remanded to the Social Security Administration for further proceedings consistent with the Order.

**IT IS FINALLY ORDERED** directing the Clerk to enter judgment accordingly and close this case.

Dated this 4th day of November, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge