**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Morgan Gallagher, | No. CV-19-05766-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff Ashley Morgan Gallagher's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act (the "Motion"). (Doc. 23.) For the following reasons, the Court grants the Motion and awards $13,148.46 in attorneys' fees.

**I.    BACKGROUND**

On November 5, 2020, the Court reversed the May 6, 2019 decision of the Administrative Law Judge ("ALJ") and remanded for further consideration of Plaintiff's Application for Disability Insurance Benefits. (Doc. 21.) Judgment was entered on the same day. (Doc. 22.) On February 3, 2021, Plaintiff filed the pending Motion and Memorandum in support thereof. (Docs. 23, 24.) Plaintiff's counsel seeks attorneys' fees in the amount of $13,148.46.[1] Defendant Commissioner of the Social Security Administration (the "Commissioner") opposes the granting of fees and, should the Court

---

[1] Plaintiff's Motion sought $12,317.34 in attorneys' fees. (Doc. 23 at 2.) The reply in support of Plaintiff's motion amended that amount to $13,148.46 to reflect the additional hours spent to complete the briefing. (Doc. 26 at 11.)

grant Plaintiff's Motion, the amount requested. (Doc. 25.)

**II.     LEGAL STANDARD**

The Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, "directs a court to award fees and other expenses to private parties who prevail in litigation against the United States if, *inter alia*, the Government's position was not 'substantially justified.'" *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). For purposes of the EAJA, the position of the United States refers to "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The EAJA directs courts to award attorneys' fees "to a prevailing plaintiff unless the government meets its burden to demonstrate that both its litigation position and the agency decision on review were substantially justified." *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (internal quotation marks and citations omitted).

To meet the substantial justification standard, the government's position must have been "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Just because "the government lost . . . does not raise a presumption that its position was not substantially justified." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1168 (9th Cir. 2019) (citing *Edwards v. McMahon*, 834 F.2d 796, 802 (9th Cir. 1987)). A court should "look to decisions of the ALJ to determine whether the government's position in the underlying agency action was substantially justified." *Meier*, 727 F.3d at 872. Furthermore, the nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995).

Fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable fee does not include

hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Courts also consider the relationship between the fees requested by the prevailing party and the results obtained. *Id.*; *see also Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (remanding the case when the district court failed to consider the results obtained as part of the fee calculation). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 438. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

## III. DISCUSSION

Plaintiff was the prevailing party for purposes of the EAJA because she obtained a Court order remanding the case to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) (holding that a claimant who obtains a reversal, with or without a remand, is a prevailing party under the EAJA). The Court must therefore address whether the government can prove that its position was substantially justified, and if not, whether Plaintiff's requested fees are reasonable. 28 U.S.C. § 2412(d)(1)(A).

### A. Substantial Justification

The Court remanded the case for further administrative proceedings because the ALJ improperly rejected Plaintiff's symptom testimony and erred in calculating the Plaintiff's residual functional capacity ("RFC").[2] (Doc. 21 at 4–6.) As more fully explained there, the Court held that the ALJ failed to provide "specific, clear and convincing" reasons for rejecting plaintiff's testimony. (*Id.* at 6). The Commissioner argues that the underlying government position was substantially justified because the ALJ's findings had a "reasonable basis in law and fact." (Doc. 25 at 3–4, 12.) This argument is unpersuasive because the record reflects that the Commissioner has not met its burden to show its position was substantially justified. *See Pierce v. Underwood*, 487 U.S. 552, 564–65. The Ninth Circuit has consistently held that a "holding that the

---

[2] The Commissioner failed to adequately respond to Plaintiff's argument that the ALJ erred in calculating Plaintiff's RFC. (Doc. 21 at 6.) Thus, this Court found that the inadequate response indicated the Commissioner's concession to that argument. (*Id.*)

agency's decision was unsupported by *substantial evidence* is a strong indication that the position of the United States was not *substantially justified*." *Meier*, 727 F.3d at 872 (emphasis added) (citation and punctuation omitted); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'") (citation omitted). This reason alone is enough to find that the government's position was not substantially justified.

Even if the underlying action was justified, the government's litigation position would not be. The Court is not persuaded by the Commissioner's argument that the government's litigation position was substantially justified because the "ALJ's findings had a reasonable basis in law and fact." (Doc. 25 at 12.) The Ninth Circuit precedent is clear. The ALJ's failure to provide "specific, clear and convincing" reasons for rejecting Plaintiff's testimony constituted fundamental procedural error. *Shafer*, 518 F.3d at 1071–72. Defense of such error, as seen in the Commissioner's Motion to Remand (Doc. 18 at 8–12), lacks substantial justification. *Id.* (citing *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998)); *see also Jager v. Astrue*, 290 F. App'x 27, 27 (9th Cir. 2008) ("[T]he government was not substantially justified in defending the ALJ's procedural errors."). The Court therefore finds that the government's litigation position was not substantially justified.

### B. Reasonable Fees

A plaintiff is entitled to reasonable fees as the prevailing party where the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Because Plaintiff is entitled to attorneys' fees, the Court must assess the reasonableness of her request. The hourly rates and the hours expended must both be reasonable for a plaintiff to be awarded his or her requested amount. *Hensley*, 461 U.S. at 433. Here, Plaintiff requests $13,148.46 in attorneys' fees for 59.4 hours of services rendered in this case. (Doc. 24-2; Doc. 26 at 11.) The Commissioner argues that the time expended was

unreasonable and asks the Court to deduct 39.4 hours, for a total award of $4,155.60. (Doc. 25 at 3.) The Commissioner does not object to the Plaintiff's hourly rates of $205.25 for 2019, $207.78 for 2020, and $207.78 for 2021. (*See* Doc. 24-2 at 4.) The Court therefore finds that the hourly rates are reasonable and will evaluate the reasonableness of the time expended below.

### 1. Plaintiff's Burden to Show Reasonableness

The Commissioner first asserts that Plaintiff is not entitled to the requested fees because her request did not substantively address why the request is reasonable. (Doc. 25 at 14.) It is true that a plaintiff bears the burden of showing that his or her request is reasonable. *Hensley*, 461 U.S. at 433. But, the "[p]laintiff need not preemptively guess what reasonableness challenges might be forthcoming." *Murrieta v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04865-PHX-DWL, 2021 WL 1208980, at *2 (D. Ariz. Mar. 31, 2021). Instead, a plaintiff can meet his or her burden by "affirmatively submitting an itemization of services and then by defending against whatever challenges a defendant mounts in opposition." *Id.*; *see Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 437 n.12) ("[P]laintiff's counsel can meet his [or her] burden—although just barely—by simply listing his [or her] hours and 'identify[ing] the general subject matter of his time expenditures.'"). Here, Plaintiff provided an Itemization of Services, which is sufficient for the Court to determine whether the time spent was reasonable. (Doc. 24-2.) This itemization details each task, with corresponding hours worked, and provides a calculation for all the fees requested. (*Id.*) The Court finds that Plaintiff met her burden and therefore will not deduct the requested 39.4 hours.

### 2. Motion to Remand

Next, the Commissioner argues that Plaintiff should not recover fees for opposing the motion to remand because the Commissioner offered to remand the case voluntarily and Plaintiff's opposition was unreasonable. (Doc. 25 at 13–15.) Plaintiff maintains that she raised reasonable and nonfrivolous arguments, which should not be considered otherwise simply because the Court disagreed. (Doc. 26 at 7–9.)

To begin, the Court will not reduce the award merely because the Commissioner offered to remand the case. Plaintiff ultimately was "not obligated to stipulate to remand," so this argument is unpersuasive. *Wright v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04508-PHX-DLR, 2020 WL 6781308, at *2 (D. Ariz. Nov. 18, 2020). To determine whether Plaintiff is entitled to fees for litigating the motion to remand, the court must look at whether the opposition to remand was reasonable and whether Plaintiff obtained a compensable level of success. *Hensley,* 461 U.S. at 434. Other courts have denied or decreased fees when the plaintiff unreasonably opposed remand to obtain an award of benefits. *See Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1094–96 (E.D. Wis. July 3, 2003); *Gutierrez v. Colvin*, No. CV-13-02168-PHX-DGC, 2015 WL 254642, at *1 (D. Ariz. Jan. 20, 2015); *Rogers v. Astrue*, No. 1:09-cv-02158-JLT, 2010 WL 4569058, at *3–4 (E.D. Cal. Nov. 3, 2010). But even where a plaintiff's opposition to remand was unreasonable, these courts have considered other benefits that may have derived from the opposition, such as guidance on remand that benefitted the plaintiff. *Uphill*, 271 F. Supp. 2d at 1096 (adjusting fees incurred in opposing the motion down by 80%); *Minton v. Astrue*, No. CV 11-00461-PHX-FJM, 2012 WL 2368492, at *1–2 (D. Ariz. June 21, 2012) (awarding full amount of fees despite a finding that "plaintiff should not have reasonably expected to remand for immediate award of benefits").

The Court agrees with the Commissioner that Plaintiff could not have reasonably expected to prevail on her motion for remand for an award of benefits. Prevailing on such a motion requires the claimant to meet each of the elements of the credit-as-true rule regarding her discounted testimony—a test that applies "only in rare circumstances" and is difficult to overcome. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). (internal citations omitted). Here, the Court found that the second and third steps of the credit-as-true doctrine were not met because inconsistencies in the record created "serious doubt as to whether Plaintiff is disabled." (Doc. 21 at 8 (internal quotation omitted).) Ultimately, these inconsistencies indicate that Plaintiff's opposition to remand was unreasonable because it was highly unlikely that the Court would apply

the credit-as-true test. *See McLaurin v. Apfel*, 95 F. Supp. 2d 111, 116 (E.D.N.Y. 2000) (holding that a plaintiff's position against remand was not reasonable when the plaintiff "should have recognized that the conflicting evidence clearly warranted remand").

That said, a plaintiff may still receive fees in similar situations if they "achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley,* 461 U.S. at 434. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435. "A plaintiff may obtain excellent results without receiving all the relief requested." *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (citing *Hensley*, 461 U.S. at 435 n.11). Plaintiff here achieved success, even though there was not an immediate award of benefits as she hoped.

In a similar case, *Betancourt v. Colvin*, a plaintiff challenged the ALJ's decision and requested that "the [c]ourt remand the matter for an award of benefits or, alternatively, remand the matter for further proceedings." No. CV 15-37-TUC-BPV, 2016 WL 6778365, at *4 (D. Ariz. Nov. 16, 2016). The court held that the plaintiff was entitled to compensation for time spent opposing remand when the plaintiff "prevailed on all merits arguments and was unsuccessful only in achieving one alternative remedy." *Id.* Here, Plaintiff challenged the ALJ decision on the grounds that the ALJ incorrectly discounted her symptom testimony and erred when calculating her RFC. (Doc. 13 at 1.) Plaintiff requested a "remand without rehearing" for an award of benefits and, alternatively, a "remand for further administrative proceedings." (*Id.* at 22–23.) The Court agreed that the ALJ failed to sufficiently explain its reason for rejecting Plaintiff's symptom testimony and held that the Commissioner conceded to Plaintiff's argument regarding her RFC. (Doc. 21 at 6–7.) The Court, however, chose to remand for further proceedings because there was doubt regarding Plaintiff's ultimate disability. (*Id.* at 9.) Just like *Betancourt*, Plaintiff prevailed on her arguments, secured a remand for further proceedings, and only failed to obtain an immediate award of benefits. The Court therefore finds that Plaintiff achieved a level of success that justifies awarding reasonable fees for that work.

Plaintiff's opposition to remand also "resulted in a remand more beneficial to her than that offered by the [Commissioner]." *Minton*, 2012 WL 2368492, at *2. In *Minton*, the court held that although the plaintiff's opposition to remand was unreasonable, the time expended was still compensable because it "brought her some success and did not 'unnecessarily protract[] the proceedings.'" *Id.* at *2 (citing 28 U.S.C. § 2412(d)(2)(D)). In that case, the Commissioner argued that the "ALJ reasonably discounted [the] plaintiff's subjective symptoms," but the court disagreed and ordered a new evaluation of those symptoms on remand. *Id.* Ultimately, "[a]lthough [the plaintiff] did not succeed in securing immediate benefits, she achieved more than she would have had she stipulated to a remand on [the Commissioner]'s terms." *Id.* That made the time compensable. *Id.* Here, the Commissioner argued in the motion to remand that "the ALJ did not err in analyzing Plaintiff's subjective complaints," that "outstanding issues exist[ed]," and that there was "significant doubt that Plaintiff is actually disabled." (Doc. 18 at 8, 12, 14.) In its remand order, the Court found that the ALJ *did* err in analyzing Plaintiff's symptom testimony, and that no outstanding issues existed. (Doc. 21 at 6.) Plaintiff's opposition to remand resulted in a more favorable remand than the Commissioner proposed because she also succeeded in obtaining a new evaluation of her symptoms. The Court finds that the hours expended opposing remand are reasonable. Accordingly, the Court will not deduct this time from the fee award.

### 3. Good Faith Effort

The Commissioner argues that "Plaintiff's counsel did not make a good faith effort to resolve his EAJA fee request" per Local Rule of Civil Procedure 54.2(d)(1). (Doc. 25 at 16.) As Plaintiff points out, however, that rule only applies "in cases assigned Standard Track or Complex Track of the local rule governing Differentiated Case Management." LRCiv 54.2(a). Social Security appeals are assigned to the Expedited Track. LRCiv 16.2(b)(1)(A)(i). The Court will therefore not reduce the fee award on this basis.

### 4. Unreasonable and Unnecessary Billing

Finally, the Commissioner argues that Plaintiff's fee motion was excessive and

that "litigating a case after the Commissioner offered to remand" constitutes unreasonable and unnecessary billing. (Doc. 25 at 18.) It is unclear, however, if the Commissioner is arguing that Plaintiff's time spent on the fee motion was excessive or if the overall time requested in that motion was excessive. Either way, the Court finds that the time spent on both was reasonable. As discussed above, Plaintiff was not required to substantively address why the request was reasonable. And the Court will "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112. "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Id.* at 1106. Merely asserting that the time expended by Plaintiff's counsel was "professional overkill" is not a persuasive reason to reduce the fee award. (Doc. 25 at 18.) The Court has reviewed the Itemization of Services (Doc. 24-2) and finds that the time spent on this case was reasonable.

### 5. Litigation of EAJA Fees

Because Plaintiff has ultimately prevailed in this litigation, she is entitled to recover fees for time spent litigating her fee request. *Jean*, 496 U.S. at 163 n.10. The plaintiff bears the burden of providing adequate documentation to support a fee request, and the Commissioner bears the burden of "producing a sufficiently cogent explanation" for why the fee request is excessive. *Moreno*, 534 F.3d at 1106. Here, Plaintiff's counsel met this burden by indicating both the time expended and the tasks completed during that time. (Doc. 26 at 10.) The Commissioner has not provided an explanation for why the time spent litigating the EAJA motion was unreasonable, so he has not met his burden. Even if he did provide a reason, Plaintiff has demonstrated that the time spent preparing this Motion was reasonable. *See Moreno*, 534 F.3d at 1112. The Court will therefore award the time spent on this Motion.

## IV. CONCLUSION

The Court has reviewed the Attorney Itemization of Services attached to

Plaintiff's Motion (Doc. 24-2) and finds that both the time expended and amounts charged are reasonable for this case. Therefore, the Court grants Plaintiff's Motion and awards fees in the amount of $13,148.46. Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Award of Attorney Fees as Authorized by the EAJA (Doc. 23).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $13,148.46 in attorneys' fees.

**IT IS FINALLY ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti-Assignment Act (31 U.S.C. § 3727(b)), the fees will be made payable to Plaintiff's counsel. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Dated this 9th day of July, 2021.

Michael T. Liburdi
United States District Judge